Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6084 | **DATE** | August 21, 2012 |
| **CASE TITLE** | Anthony L. Williams (#2012-0715105) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* (Doc [3]) is granted. The Court authorizes and orders Cook County Jail officials to deduct $10.00 from the plaintiff's account, and to continue making monthly deductions in accordance with this Order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. The plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions. Failure to submit an amended complaint within thirty days of the date of this Order will result in summary dismissal of this case in its entirety.

■ [**For further details see text below.**]    Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that jail officials violated his constitutional rights by subjecting him to inhumane conditions of confinement. More specifically, the plaintiff alleges that he spent 35 days in a cell that lacked working lights.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $10.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago,
**(CONTINUED)**

mjm

Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

However, the plaintiff must submit an amended complaint, as the pleading on file suffers from several defects. First, the plaintiff has provided no dates. To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), a plaintiff must provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Without knowing the relevant time period, the Court cannot determine whether this lawsuit is timely.

Second, the complaint on file fails to state a claim against either named defendant. The plaintiff has alleged no facts suggesting the direct, personal involvement of the Cook County Sheriff Tom Dart, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has the plaintiff indicated that the alleged violation of his constitutional rights occurred at Dart's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Furthermore, the Cook County Jail is not a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993); *Fergurson v. Cook County Jail*, No. 04 C 7087, 2004 WL 2967444, *2 (N.D. Ill. Nov. 19, 2004) (Shadur, J.). The plaintiff must name as defendants those officers who were aware of the non-functioning light but who refused to take corrective action.

Third, the plaintiff should conduct some basic legal research prior to drafting his amended complaint. In order to state a conditions-of-confinement claim of constitutional significance, the challenged condition must amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The protections extended to pretrial detainees under the Due Process Clause are at least as extensive as the protections against cruel and unusual punishment extended to prisoners by the Eighth Amendment. *See Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). The Eighth Amendment requires that inmates be furnished with basic human needs. *See, e.g., Helling v. McKinney*, 509 U.S. 25, 33 (1993); *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). Prison officials violate the Eighth Amendment in conditions of confinement cases where the alleged deprivation is "sufficiently serious" (the objective standard) and (2) the officials act with deliberate indifference," (the subjective standard). *Farmer v. Brennan*, 511 U.S. 825 (1994). Depending on the amount of time the plaintiff was confined to his cell and whether there was ambient lighting, the Court questions whether an inoperative light rose the level of a constitutional violation.

As an additional bar to recovery, because the plaintiff appears to have suffered no real physical injury–only understandable annoyance and frustration–he cannot obtain compensatory damages under the Civil Rights Act.
**(CONTINUED)**

| STATEMENT |
|---|

The Prison Litigation Reform Act dictates that "[n]o Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997) (upholding the constitutionality of 1997e(e)); *Robinson v. Page*, 170 F.3d 747 (7th Cir. 1999). It would seem that the plaintiff could recover, at most, $1.00 in nominal damages for going without an interior cell light.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint. The amended complaint should name as defendants those individuals who personally and directly refused to fix the plaintiff's lights. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, the plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each defendant named in the amended complaint.

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide the plaintiff with an amended complaint form and instructions. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that the plaintiff does not wish to pursue his claims in federal court at this time.